UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LESLIE E. WORM,

           Plaintiff,

-vs-                                              Case No. 6:04-cv-1733-Orl-31JGG

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.

_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **MOTION TO CHANGE VENUE (Docket No. 17)** |
| **FILED:**       July 27, 2005 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

The Social Security Act provides that appeals from final decisions of the Commissioner of Social Security "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g). It appears from the pleadings that the Plaintiff, Leslie E. Worm ["Worm"], resided within this judicial district at the time she filed her *pro se* complaint. Docket No. 1. That document, filed November 30, 2004, indicated that Worm resided in Palm Bay, Florida. Docket No. 1 at 2. In a more recent document, Worm notified the Court that she had moved to Lakeland, Georgia. Docket No. 15 at 1.

The Commissioner does not dispute that Worm resided in this district when she filed this suit. The Commissioner argues that because Worm now resides in the Southern District of Georgia, venue is improper in this district and the case must be transferred. Docket No. 17 at 2 - 3. Aside from the statute itself, the Commissioner cites no authority in support of this argument, and the plain language of 42 U.S.C. § 405(g) does not support this contention. The statute requires that claimants bring suit in the districts in which they reside. The statute says nothing about changing venue when the claimants relocate. Indeed, the Court may grant a motion to change venue and transfer a civil action to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Worm could not have brought this action in Georgia. Therefore, the Commissioner's motion should be denied.

The Court of Appeals has imposed strict time limits and reporting limits on the resolution of Social Security disability appeals. On June 1, 2005, the undersigned granted Worm's pro se motion for an extension of time to file her brief. Docket No. 15. In doing so, the Court required Worm to file her memorandum of law on or before July 1, 2005. Docket No. 16. Despite a warning that a failure to file her memorandum of law might result in dismissal of her appeal, Worm has not filed a memorandum of law or sought another extension. The CM/ECF system receipt shows that a copy of the order was provided to Worm at her Lakeland, Georgia address. In consideration of the foregoing, it is hereby

**RECOMMENDED** that the Commissioner's Motion to Change Venue [Docket No. 17] be **DENIED.** And it is further

**RECOMMENDED** that this appeal be dismissed without prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 11, 2005.

_____
James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy